**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: **Herman P. Matherne, Sr.**  CASE NO.
**Janice B. Matherne**  CHAPTER 13
  Section _____

Debtor's Counsel: **Hester R. Hilliard**

# CHAPTER 13 PLAN

☑ Original  _____ (1st, 2nd, ...) Amended Plan filed: _____  _____ (1st, 2nd, ...) Modified Plan filed: _____

1. Payment and length of plan: The future earnings and other future income of Debtor is submitted to the supervision and control of Trustee. The Debtor shall pay **Variable*** per month beginning one month after the petition date, such that the first payment will be due on the same day of the month as the day the petition was filed but for the month following the filing and continuing monthly thereafter for **60** months.

*If variable payments are indicated, see Exhibit "B" - Variable Plan Payments for the monthly amounts.*

Other payments to Trustee: Debtor shall file both Federal and State Income tax returns timely. Debtor shall provide a copy of same to Trustee immediately after filing. All Federal and State Income Tax Refunds due for all years during this plan's effect are disposable income and will be turned over to Trustee as an additional distribution to creditors. Debtor is allowed to retain the Earned Income Credit (EIC) portion of any refund.

The nonexempt proceeds of any lawsuit or unliquidated claim held by Debtor as of the date of filing or accruing during the term of this plan must be turned over to Trustee and shall constitute an additional distribution to creditors.

The proceeds of any refinancing or the sale of nonexempt property owned by Debtor or acquired during the term of this plan must be turned over to Trustee for administration and after approval and order of the Court.

2. Disposable Income: Debtor is ☐ above the means ☑ below the means

Debtor's disposable income as reflected on Schedule B22C, after adjustment as set forth on the reconciliation report filed with this plan, is **not determined** per month. (If the plan proposes to pay less than the amounts set forth on Schedule B22C as adjusted, please file a statement of explanation as to why.)

Debtor alleges that present disposable income as reflected on Schedule J is **$1,309.13** (after adjustment for any expenses payable through Trustee or for surrendered property). Disposable income includes contributions of **$917.13** per month from **VA 50% disability**

3. Liquidation analysis: The present value of property available to pay nonpriority, unsecured creditor interests should a liquidation be ordered is **($36,975.00)**. (Attach completed liquidation analysis). The future value of this sum over the life of the plan is **$0.00** assuming an interest rate of **4.00** %.

4. From the payments received under the plan Trustee shall make disbursements as follows:

   a. Payment of administrative expenses until satisfied in full:

   (1) Filing Fee (unpaid portion): **$0.00**
   (2) Trustee's fee: **10%** (paid as accrued)
   (3) Attorney's Fee (unpaid portion) **$1,500.00**
       Attorney's fees within the guidelines of this Court's General Orders will be deemed approved by the Court unless Objection is filed at the time of confirmation. Any additional fees claimed are subject to application and approval of the Court.
   (4) Adequate protection payments of _____

| UNITED STATES BANKRUPTCY COURT | Bankruptcy No: | Chapter 13 Plan |
|---|---|---|
| EASTERN DISTRICT OF LOUISIANA | Debtor(s):   Herman P. Matherne, Sr. | |
| NEW ORLEANS DIVISION | Janice B. Matherne | |

    b. Secured Claims shall be paid after the satisfaction of payments under paragraphs 4(a). Payments to claimants in classes 4(b) shall be paid as follows: (Please see General Provisions Secured Claimants)

        (1) Secured claims which will not extend beyond the length of the plan. The entire balance of the following claims will be paid:

| Names/Description of collateral | Secured Claim | Monthly payment Dates of payment | Int. Rate | Total Payments |
|---|---|---|---|---|
| **Capital One NA** **Principal Residence** | $65,500.00 Paying Value | Pro-Rata Months 1 - 60 | 0.00% | $65,500.00 |
| **Internal Revenue Service** **Principal Residence** | $0.00 Paying Value | Pro-Rata Months 0 - 0 | 0.00% | $0.00 |

        (2) Installments on secured claims which will be paid directly by the debtor:

            (a) Installment payments maturing postpetition on the following claims will be paid to the claimant directly. As a result, no payments on maturing postpetition installments will be made from funds payable to Trustee. Prepetition arrearages, if any, are satisfied under the provisions of 4(b)(2)(b). The claimant's allowed security interest and claim for amounts maturing postpetition, may be affected by the Federal Rules of Bankruptcy Procedure, any order of this court and the General Provisions of this plan.

| Names/Description of collateral | Monthly payment |
|---|---|

            (b) Defaults to be Cured on Claims Secured by Property of the Estate:
The following amounts will be paid to fully cure any defaults existing on the petition date on the claims listed below. On completion of the plan, any amount in addition to that set forth below and owed to cure the prepetition default of Debtor will be discharged and the Debtor will be released from any further obligation in personam or in rem with regard to the amounts necessary to cure. The amounts to cure will be secured by the collateral described below during the term of this plan. On completion of the plan, the following claims shall be deemed in good standing and current as of the petition date. The security interest of the claimant shall survive discharge but only to secure those amounts maturing after the petition date. The amounts owed and secured in favor of the claimant postpetition may be affected by the Federal Rules of Bankruptcy Procedure, any order of the court, and the General Provisions of this plan.

| Names/Description of collateral | Allowed Amt | Dates of payment | Int. Rate | Total Payments |
|---|---|---|---|---|

    c. Priority Claims under 11 U.S.C. § 507. Payments to priority claimants will be made after payments to administrative claimants, paragraph 4(a) above and Secured claimants under paragraph 4(b), unless otherwise indicated:

| Name | Amount of Claim | Monthly Payment Months of Payment | Int Rate | Total Payments |
|---|---|---|---|---|

    d. Unsecured Claims. No amounts will be paid on unsecured claims until plan payments under paragraphs 4(a)-(c) are satisfied. After payments to claimants in class 4(a)-4(c) have been satisfied, any additional monies available for distribution shall be paid, pro rata based on the individual claim included in class 4(d) divided by the total amounts owed to class 4(d). At the time of confirmation, it is estimated that claimants in this class will receive distributions equal to __$725.00__ or __5%__ of their allowed claims. Actual distributions may vary depending on changes in Debtor's disposable income over the life of the plan, the amount of allowed unsecured nonpriority claims, the amount and ranking of secured, priority and administrative claims. However, general nonpriority unsecured claims shall be paid no less than __**($36,975.00)**__ in aggregate over the life of the plan.

5. All payments to Trustee are to be made directly by     ☑ Debtor     ☐ Wage order
Payments to _____
(secured or priority creditor(s)) shall be made by    ☐ Wage deduction    ☐ Debtor    ☐ bank draft    ☐ other

| UNITED STATES BANKRUPTCY COURT | Bankruptcy No: | Chapter 13 Plan |
|---|---|---|
| EASTERN DISTRICT OF LOUISIANA | Debtor(s):    Herman P. Matherne, Sr. | |
| NEW ORLEANS DIVISION | Janice B. Matherne | |

6. All executory contracts are rejected except the following which are assumed:

| Name | Description of Contract |
|---|---|

7. Property to be surrendered:

| Property description | Creditor |
|---|---|

8. Other:

### GENERAL PROVISIONS

As used, the term "Debtor" shall include both Debtors in a joint case.

The effective date of this plan shall be the date of entry of the Order of Confirmation; modifications to the plan shall become effective upon entry of an order approving same.

The Order of Confirmation, or any subsequent order of the Court supercedes any provision of the plan which is in conflict.

All plan payments by Debtor shall be payable to S.J. Beaulieu, Jr., Chapter 13 Trustee, or his successor in interest ("Trustee"), and must include Debtor's name and case number.  They must be mailed to S. J. Beaulieu, Jr., Chapter 13 Trustee, at the address designated by him or his successor in interest and as published on the Trustee's website.

Except as otherwise provided by the plan or order of the Court, Trustee shall only make payments to allowed claimants.

Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") and for whom this plan provides full payment of the amounts contractually due are enjoined from collection under 11 U.S.C. § 1301, and upon completion of the plan shall constitute full payment of the debt as to Debtor and any Co-Obligors.

All scheduled property of the estate existing at confirmation shall vest in and be retained by Debtor.  Unscheduled property or property acquired after confirmation shall remain vested in the estate.  Upon the disposition of any rights in property of the estate belonging to Debtor on the petition date or acquired thereafter, the proceeds or benefits received shall be:

    a.  Retained by Debtor if from the disposition of exempt property; or
    b.  If not exempt, remitted to Trustee to be administered in accord with the plan or further order of the Court.

On completion of the plan, all prepetition claims provided for by the plan or disallowed under 11 U.S.C. § 502 shall be discharged except as provided by 11 U.S.C. § 1328 or the plan.

Confirmation of the plan does not constitute a waiver or admission by Debtor or any party in interest regarding the validity or amount of any claim provided for by the plan.  Debtor and Trustee specifically reserve the right to object to any claim, whether or not said claim was filed at the time of confirmation or after confirmation.

<u>Secured Claimants</u>

Allowed secured creditors shall retain their mortgage, lien, or security interest in collateral until completion of the payments due under the plan.  To the extent the plan provides for the cure of prepetition defaults on a secured claim but provides that the unmatured prepetition amounts owed shall be payable beyond the term of the plan, the secured claimant shall retain its lien to secure the repayment of the prepetition default as provided by the plan.  On completion of the plan's terms, the prepetition default shall be deemed cured, the loan will be current, and all claims to cure shall be released both in personam and in rem.  Except as provided by the plan, the allowed secured claim shall be reduced to the unmatured portion of debt that extends beyond the discharge date and the claimant's lien shall be retained to secure only that obligation unless otherwise modified by court order or Federal Rule of Bankruptcy Procedure 3002.1.  Claimants holding claims payable under 4(b)(2)(b) shall release and cancel from the public records any lien, writ, notice of seizure or encumbrance over property of Debtor or estate which was created by virtue of an action to collect the claim.

For an allowed secured claim payment of which does not extend beyond the plan completion date (payable entirely through the plan), upon payment of the allowed secured claim, the security interest over Debtor's property shall be cancelled.  Upon completion of the plan, claimants holding claims payable under 4(b)(1) shall release and cancel from the public records any lien, writ, notice of seizure or encumbrance over property of Debtor or estate which secures or was created by virtue of an action to collect the claim.

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | Bankruptcy No: | Chapter 13 Plan |
| EASTERN DISTRICT OF LOUISIANA | Debtor(s):   Herman P. Matherne, Sr. | |
| NEW ORLEANS DIVISION | Janice B. Matherne | |

Debtor may modify the interest rate or other terms of repayment on a secured claim without separate objection and through the provisions of this plan.  However, Debtor may not reduce the secured amount claimed or challenge the secured status of the claimant except by separate objection to the claim.  Confirmation of the plan does not constitute a waiver or admission by Debtor or any party in interest regarding the validity or amount of any claim provided for by the plan.  Debtor specifically reserves in his favor and that of Trustee the right to object to any claim, whether or not said claim was filed at the time of confirmation or after confirmation.

To the extent that this plan proposes to surrender property to a claimant with a security interest in same, upon confirmation of the plan, Debtor will notify the secured claimant (at the address specified on its proof of claim) of the location of the collateral and take steps reasonably necessary to assist the secured claimant in its collection.  Upon confirmation, Debtor shall immediately discontinue use of the collateral.  Debtor shall continue to insure all surrendered collateral until the earlier of 30 days following confirmation or the taking of possession by creditor or its agent.  Debtor shall not be responsible for any damages or depreciation in value to the collateral except to the extent caused by Debtor's use post-confirmation, fault or gross negligence.  Upon confirmation, the stay imposed by 11 U.S.C. § 362 shall be lifted as to all surrendered property so as to permit creditors holding security interests in same to pursue rights in the property.  Unless otherwise provided in the plan, a surrender shall entitle the secured claimant to file an unsecured deficiency claim if due.  If a deficiency claim is allowed, distributions will be payable to the claimant on a pro rata basis with other claimants in its class from the date of the filing of the deficiency claim only.  Deficiency claimants will not be entitled to equalizing distributions based on prior payments made to the class.

Unless ordered otherwise, Trustee shall cease making distributions to any secured claimant on its secured claim after an order lifting the stay imposed by 11 U.S.C. § 362(a) is entered or a plan that surrenders the collateral to the secured claimant is approved.

During the term of the plan, secured creditors may continue to send Debtor notices, statements, or other written information on the status of direct, monthly post-confirmation payments.  However, demand letters are not permitted nor may secured claimants invoice or provide informational statements as to accrued, but unapproved, charges allegedly due, except under the procedures outlined in the Federal Rules of Bankruptcy Procedure or Local Rules of the Court.

If a secured claimant proposes under the terms of its note or security instrument to change the amount of any direct payments made by Debtor, the claimant shall give written notice of the change to Debtor, Debtor's counsel and Trustee along with appropriate documentation explaining the reason for the adjustment in accordance with the Federal Rules of Bankruptcy Procedure.  To the extent the secured creditor claims a right to receive any postpetition charges or fees under the terms of its contract with Debtor, it must comply with the Federal Rules of Bankruptcy Procedure regarding same or they will be discharged on completion of the case and Debtor shall be released both in rem and in personam from the claim.

Unless otherwise ordered by the Court, all payments received by the secured creditor from Trustee shall be applied to reduce the amounts reflected on the creditor's proof of claim for sums due and payable prepetition.  All amounts paid directly by Debtor to the secured creditor will be applied to outstanding interest accrued since the filing date, Debtor's escrow account or principal.  In the event a secured creditor believes it is entitled to additional postpetition charges or fees, it must seek approval for same in accordance with the Federal Rules of Bankruptcy Procedure prior to imposing any charge or fee against Debtor's account.

I declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed for confirmation by Debtor for treatment of all creditors and distributions by the Chapter 13 Trustee.

Dated:  11/23/2016

/s/ Herman P. Matherne, Sr.
Herman P. Matherne, Sr.

/s/ Hester R. Hilliard
**Hester R. Hilliard**
*Attorney for Debtor(s)*

/s/ Janice B. Matherne
**Janice B. Matherne**

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | Bankruptcy No: | Chapter 13 Plan |
| EASTERN DISTRICT OF LOUISIANA | Debtor(s):  **Herman P. Matherne, Sr.** | |
| NEW ORLEANS DIVISION | **Janice B. Matherne** | |

Plan Reconciliation With Form B22C

| | |
|---|---:|
| Monthly disposable income reflected on B22C (line 59): | **Not Determined (below means)** * |
| Add: | |
| Deductions for future debt payments payable through the plan (line 47): | **N/A** |
| Deductions for other secured claims payable through the plan (line 48): | **N/A** |
| Payments on prepetition priority claims (line 49): | **N/A** |
| Chapter 13 administrative expenses (line 50): | **N/A** |
| **Total adjusted monthly disposable income:** | **N/A** |
| **Disposable Income as reflected on Schedule I and J** | **$1,309.13** |
| (Add expenses payable by Trustee or on claims subject to surrender or sale) | |
| Monthly Projected Disposable Income provided by Plan | **$1,254.17** |

*Debtor avers that monthly disposable income as calculated on B22C should be adjusted to reflect the following:

| UNITED STATES BANKRUPTCY COURT | Bankruptcy No: | | Chapter 13 Plan |
| EASTERN DISTRICT OF LOUISIANA | Debtor(s): Herman P. Matherne, Sr. | | |
| NEW ORLEANS DIVISION | Janice B. Matherne | | |

## LIQUIDATION ANALYSIS

| PROPERTY | MARKET VALUE | LIENS | DEBTOR'S EQUITY | EXEMPT AMOUNT | BALANCE |
|---|---|---|---|---|---|
| **Real Property** | $65,500.00 | $79,613.73 | $0.00 | $35,000.00 | $0.00 |
| **Checking accounts, CD's etc.** | $25.00 | $0.00 | $25.00 | $0.00 | $25.00 |
| **Household goods and furnishings** | $1,420.00 | $0.00 | $1,420.00 | $1,420.00 | $0.00 |
| **Wearing apparel** | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| **Furs and jewelry** | $250.00 | $0.00 | $250.00 | $250.00 | $0.00 |
| **Motor vehicles and accessories** | $5,500.00 | $0.00 | $5,500.00 | $7,500.00 | $500.00 |
| **Animals** | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| **TOTAL:** | $73,695.00 | $79,613.73 | $8,195.00 | $45,170.00 | $525.00 |

**Summary of Liquidation Results**

| | |
|---|---|
| Amount Available on Liquidation: | $8,195.00 |
| Less Exempted Amounts: | $45,170.00 |
| Less Liquidation Expenses: | $0.00 |
| Less Administrative Fees: | $0.00 |
| Remaining Balance: | ($36,975.00) |
| | |
| Payments to Priority Claims: | $0.00 |
| Available to General Unsecured: | ($36,975.00) |
| | |
| Total of General Unsecured under Chapter 7: | $15,010.73 |
| Percent Distribution under Chapter 7: | 0.00% |

Case 16-12880 Doc 6 Filed 11/23/16 Entered 11/23/16 14:42:23 Main Document
Page 7 of 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: **Herman P. Matherne, Sr.**　　　　　　　　　　　　　　　CASE NO
　　　　**Janice B. Matherne**
　　　　　　*Debtor(s)*　　　　　　　　　　　　　　　　　　　CHAPTER　**13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 12/18/2016 | $1,250.00 | 21 | 08/18/2018 | $1,250.00 | 41 | 04/18/2020 | $1,250.00 |
| 2 | 01/18/2017 | $1,250.00 | 22 | 09/18/2018 | $1,250.00 | 42 | 05/18/2020 | $1,250.00 |
| 3 | 02/18/2017 | $1,250.00 | 23 | 10/18/2018 | $1,250.00 | 43 | 06/18/2020 | $1,250.00 |
| 4 | 03/18/2017 | $1,250.00 | 24 | 11/18/2018 | $1,250.00 | 44 | 07/18/2020 | $1,250.00 |
| 5 | 04/18/2017 | $1,250.00 | 25 | 12/18/2018 | $1,250.00 | 45 | 08/18/2020 | $1,250.00 |
| 6 | 05/18/2017 | $1,250.00 | 26 | 01/18/2019 | $1,250.00 | 46 | 09/18/2020 | $1,250.00 |
| 7 | 06/18/2017 | $1,250.00 | 27 | 02/18/2019 | $1,250.00 | 47 | 10/18/2020 | $1,250.00 |
| 8 | 07/18/2017 | $1,250.00 | 28 | 03/18/2019 | $1,250.00 | 48 | 11/18/2020 | $1,250.00 |
| 9 | 08/18/2017 | $1,250.00 | 29 | 04/18/2019 | $1,250.00 | 49 | 12/18/2020 | $1,250.00 |
| 10 | 09/18/2017 | $1,250.00 | 30 | 05/18/2019 | $1,250.00 | 50 | 01/18/2021 | $1,250.00 |
| 11 | 10/18/2017 | $1,250.00 | 31 | 06/18/2019 | $1,250.00 | 51 | 02/18/2021 | $1,250.00 |
| 12 | 11/18/2017 | $1,250.00 | 32 | 07/18/2019 | $1,250.00 | 52 | 03/18/2021 | $1,250.00 |
| 13 | 12/18/2017 | $1,250.00 | 33 | 08/18/2019 | $1,250.00 | 53 | 04/18/2021 | $1,250.00 |
| 14 | 01/18/2018 | $1,250.00 | 34 | 09/18/2019 | $1,250.00 | 54 | 05/18/2021 | $1,250.00 |
| 15 | 02/18/2018 | $1,250.00 | 35 | 10/18/2019 | $1,250.00 | 55 | 06/18/2021 | $1,250.00 |
| 16 | 03/18/2018 | $1,250.00 | 36 | 11/18/2019 | $1,250.00 | 56 | 07/18/2021 | $1,300.00 |
| 17 | 04/18/2018 | $1,250.00 | 37 | 12/18/2019 | $1,250.00 | 57 | 08/18/2021 | $1,300.00 |
| 18 | 05/18/2018 | $1,250.00 | 38 | 01/18/2020 | $1,250.00 | 58 | 09/18/2021 | $1,300.00 |
| 19 | 06/18/2018 | $1,250.00 | 39 | 02/18/2020 | $1,250.00 | 59 | 10/18/2021 | $1,300.00 |
| 20 | 07/18/2018 | $1,250.00 | 40 | 03/18/2020 | $1,250.00 | 60 | 11/18/2021 | $1,300.00 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: **Herman P. Matherne, Sr.**   CASE NO.
*Debtor*

**Janice B. Matherne**   CHAPTER  13
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 23, 2016, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Hester R. Hilliard**
Hester R. Hilliard
Bar ID:31392
Hilliard Law Firm
2100 Rev. Richard Wilson Drive
Suite 8
Kenner, Louisiana 70062
(504) 729-6133

CAC FINANCIAL CORP
1145
2601 NW Expressway
Oklahoma City, OK 73112-7272

Herman P. Matherne, Sr.
963 Saint Vincent Road
Napoleonville

Capital One NA
xxxxx0989
PO Box 21887
Eagan, MA 55121-0887

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Comenity Bank/Stage
xxxxxxxx1672
PO Box 182789
Columbus, OH 43218

S.J. Beaulieu, Jr.
433 Metairie Road, Ste. 307
Metairie, LA 70005

Credit Protection
xx2012
PO Box 802068
Dallas, TX 75380-2068

SOUTHERN CREDIT RECOVERY
1202
3228 6TH STREET, #201
METAIRIE, LA 70002